### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**JIMMY J. SEARLES,** *et al.*,

        **Plaintiffs,**

v.                                                      **Case Number: 06-3198-SAC**

**ROGER WERHOLTZ,** *et al.*,

        **Defendants.**

### ORDER

This matter comes before the Court upon plaintiff Jimmy Searles' Motion for Mail Between Plaintiffs be Treated as Legal Mail (Doc. 39). No response has been filed and the time for doing so has passed.[1] Therefore, the court is prepared to rule.

Jimmy J. Searles, Michael H. Green and David G. Delimont are plaintiffs in the current action. They have filed suit, and are individually proceeding *pro se,* against numerous defendants associated with the Lansing Correctional Facility. The plaintiffs assert that their constitutional rights have been violated because they have been denied their religious beliefs of eating Kosher food, a tenant of the Jewish faith. Plaintiff Searles states that Kansas Department of Corrections (KDOC) officers have taken from plaintiff Delimont's possession trial questions to defendants. Further, he alleges that KDOC officials are notorious for opening mail, legal or otherwise, then resealing it to open in front of inmates.

---

[1] D. Kan. Rule 6.1(d)(1). Responses to nondispositve motions . . . shall be filed and served within 14 days.

"An inmate may be permitted to correspond with an inmate confined in any other penal or correctional institution if the other inmate is . . . a party or a witness in a legal action in which both inmates are involved." 28 C.F.R. § 540.17.  "Such correspondence at institutions of all security levels may always be inspected and read by staff at the sending and receiving institutions (it may not be sealed by the inmate)." *Id.*  Because inmate correspondence, intraprison and interprison, is governed by prison regulations, the court will not interfere with matters within the discretion of prison officials absent exceptional circumstances.  Plaintiff does not allege exceptional circumstances entitling him to correspond with other inmates, other than in accordance with pertinent prison regulations.  Accordingly,

**IT IS THEREFORE ORDERED** that the Motion for Mail Between Plaintiffs be Treated as Legal Mail (Doc. 39), is hereby denied.

**IT IS SO ORDERED**.

Dated this 10th day of January, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius
K. GARY SEBELIUS
U.S. Magistrate Judge