kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JIMMY J. SEARLES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 06-3198-JAR |
| ) | |
| ROGER WERHOLTZ, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

The Court now considers defendants Roger Werholtz, Williams Cummings, James K. Jones, David McKune, and Colette Winkelbauer's (State Defendants) Motion to Sever (Doc. 44) this action into three separate law suits. For the reasons stated in detail below, State Defendants' motion is granted.

Plaintiffs Jimmy J. Searles, David G. Delimont, and Michael H. Green have jointly filed this action under 42 U.S.C. § 1983, claiming that their First Amendment Free Exercise right has been and continues to be violated because they are not being provided a Kosher diet in accordance with their Jewish faith. Because plaintiffs are prisoners, the Prison Litigation Reform Act ("PLRA") applies to their action. Under the PLRA, plaintiffs must pay the full district court filing fee. Plaintiffs have only paid one filing fee on behalf of all three plaintiffs. The Court now considers whether severance of plaintiffs is appropriate to abide by the fee provision of the PLRA.

Title 28, section 1915(b)(1) of the United States Code provides that a prisoner bringing a civil action must pay a filing fee. The purpose of the filing fee provision is to prevent prisoners

from filing frivolous law suits.[1]  A number of courts have addressed the issue stated above, and have concluded that joining prisoners in an action undermines the fee requirement of § 1915(b).[2]  The Tenth Circuit has not yet decided this issue, but defendants point the Court to decisions by courts in this dsitrict, holding that joinder of prisoners is forbidden under the PLRA.[3]  Relying on those cases, defendants argue that severance and the requirement that each prisoner pay the filing fee promotes the mandates of the PLRA.  Those mandates include reducing the number of frivolous prisoner claims filed with the Courts and conforming to the realities of prison litigation—that is, the possibility of prisoner transfers and the location of each prisoner at different facilities.  The Court agrees.

In *Hershberger v. Evercom, Inc.*[4] and *Horton v. Evercom, Inc.*,[5] Judge Crow found that the plaintiffs should be severed to promote the purpose of the PLRA fee provision.  Judge Crow relied on the Eleventh Circuit's opinion in *Hubbard v. Haley*[6] to reason that severance was appropriate under similar conditions in this case.[7]  Consequently, this Court finds that severance of plaintiffs is required under the PLRA and directs the Clerk of the Court to dismiss plaintiffs David G. Delimont and Michael H. Green from this case, create two separate actions for each

---

[1]*Ray v. Evercom, Inc.*, No. 4:05-2904-RBH, 2006 WL 2475264, at *2 (D.S.C. Aug. 25, 2006).

[2]*See Hershberger v. Evercom, Inc.*, No. 07-3152-SAC, 2008 WL 45693 (D. Kan. Jan. 2, 2008), *Horton v. Evercom, Inc.*, No. 07-3183-SAC, 2008 WL 45738 (D. Kan. Jan. 2, 2008).

[3]*Id.*

[4]No. 07-3152-SAC, 2008 WL 45693 (D. Kan. Jan. 2, 2008).

[5]No. 07-3183-SAC, 2008 WL 45738 (D. Kan. Jan. 2, 2008).

[6]262 F.3d 1194 (11th Cir. 2001).

[7]*See Hershberger*, 2008 WL 45693, at *1.

plaintiff, and require the filing fee for each action under 28 U.S.C. § 1915(b).

**IT IS THEREFORE ORDERED BY THE THAT** Defendants' Motion to Sever (Doc. 44) is granted.

Ordered This 1st Day of May, 2008

　　　　　　　　　　　　　　　　　　　　　　　　　　　S/ Julie A. Robinson
　　　　　　　　　　　　　　　　　　　　　　　　　　　**Julie A. Robinson**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

Memorandum and Order in *Jimmy Searles, et al. v. Roger Werholtz, et al.*, 06-3198-JAR.