kaw

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JIMMY J. SEARLES, et al.,        )
        )
        Plaintiffs,    )
        )
    vs.        )    Case No. 06-3198-JAR
        )
ROGER WERHOLTZ, et al.        )
        )
        Defendants.   )
        )

## MEMORANDUM AND ORDER

Plaintiff brings this action under 42 U.S.C. § 1983, claiming that Aramark and prison officials violated and continue to violate his First Amendment Right to exercise his religious beliefs. Before the Court is defendant Aramark's Motion to Dismiss (Doc. 60) and defendants Roger Werholtz, William Cummings, James K. Jones, David R. McKune, and Colette Winkelbauer's Motion to Dismiss (Doc. 62). For the reasons set forth in detail below, Aramark's motion to dismiss is denied, and the remaining defendants' motion to dismiss is granted.

**Applicable Law**

Because plaintiff pursues his action pro se, the Court must remain mindful of additional considerations. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[1] Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

---

[1]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 1972)).

requirements."[2]  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[3]  For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[4] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[5]

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court assumes the truth of all well pleaded facts and views all reasonable inferences from those facts in favor of the plaintiff.[6]  A claim will be dismissed for failure to state a claim only when the factual allegations fail to state a claim that is plausible on its face.[7]  Thus, a "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient;"[8] the factual allegations in the complaint must raise a right to relief above the speculative level.[9] Although "Rule 12(b)(6) does not require detailed factual allegations, . . . the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a

---

[2]*Id.*

[3]*Id.*

[4]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5]*Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[6]*Lindsey v. Bowling*, 557 F. Supp. 2d 1225, 1226 (D. Kan. 2008).

[7]*Culp v. Sifers*, 550 F. Supp. 2d 1276, 1281 (D. Kan. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)).

[8]*Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1194 (D. Kan. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

[9]*Culp*, 550 F. Supp. 2d at 1281(quoting *Twombly*, 127 S.Ct. at 1965).

2

formulaic recitation of the elements of a cause of action."[10]  When determining whether a claim should be dismissed, the Court is mindful that the question is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support those claims.[11]

## Discussion

Under the First Amendment, inmates are given reasonable accommodations to practice their religious faith.  To establish a free exercise violation, a prisoner must show that a defendant substantially burdened the practice of his religion without any justification reasonably related to legitimate penological interests.[12]  A substantial burden is more than one minor incident or a short term occurrence.  In the Tenth Circuit, a prisoner has a First Amendment right to a diet conforming to his religious beliefs.[13]

Defendant Aramark claims that plaintiff's Complaint is lacking because he fails to allege any conduct by Aramark that is a substantial burden on plaintiff's religious exercise or that Aramark was acting under color of law.  Defendant is incorrect on both assertions.  First, the Complaint plainly states that Aramark acted under color of law.  The Complaint states that Aramark prepares Kosher foods for the Kansas Department of Corrections and at the time of the actions alleged, Aramark was acting under color of law.  Second, the Complaint alleges that Aramark contracts with the Kansas Department of Corrections and prepares Kosher foods in a

---

[10]*Lindsey*, 557 F. Supp. 2d at 1227 (quoting *Twombly*, 127 S.Ct. at 1964).

[11]*Culp*, 550 F. Supp. 2d at 1281 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

[12]*Kay v. Bemis*, 500 F.3d 1214, 1218, (10th Cir. 2007).

[13]*Smith v. Bruce*, 568 F. Supp. 2d 1277, 1282 (D. Kan. 2008).

non-Kosher environment, making the food not Kosher.  A rabbi is not present during preparation and representatives of Aramark use the same utensils as those used in preparing non-Kosher meals.

Aramark argues, however, that such allegations do not constitute a substantial burden as a matter of law.  Citing to *Wares v. Simmons*,[14] Aramark claims that plaintiff's allegations are insufficient to rise to a substantial burden on plaintiff's religious exercise.  In *Wares*, the court held that preventing plaintiff from using two religious books was not a substantial burden on his exercise of his religion where he was not prohibited from using other sources in practicing his faith.[15]  The difference here is that plaintiff claims that he is not being provided Kosher meals. There are no allegations that plaintiff is provided with any substitute to a Kosher diet. Moreover, as there is no substitute for a Kosher diet for plaintiff's exercise of his religious belief, *Wares* is not persuasive on the issue.[16]  Accordingly, Aramark's motion to dismiss is denied.

The remaining defendants move for dismissal claiming that plaintiff failed to allege that they personally participated in the alleged violation or that they are liable based on supervisory liability.  An action for damages under § 1983 requires a showing that "defendant acted under color of state law and caused or contributed to the alleged violation."[17]  "[P]laintiff must show the defendant personally participated in the alleged violation . . . and conclusory allegations are

---

[14]524 F. Supp. 2d 1313 (D. Kan. 2007).

[15]*Id*. at 1320-21.

[16]Defendants Roger Werholtz, William Cummings, James K. Jones, David R. McKune, and Colette Winkelbauer also make this contention.  The Court finds that they also fail to show that *Wares* is applicable to the instant case.

[17]*Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

4

not sufficient to state a constitutional violation."[18]  If a plaintiff claims supervisor liability, he

must establish "'a deliberate, intentional act by the supervisor [that] violate [his] constitutional

rights.'"[19]

      Here, plaintiff's allegations are conclusory.  For each defendant named, plaintiff merely

recites that each defendant "used his professional authority to satisfy his personal desire to deny

my sincerely held religious belief of eating Kosher food."  This allegation does not detail what

actions, if any, were taken by each defendant in denying plaintiff Kosher food.  Plaintiff notes

that each defendant had some involvement in his grievance process and that is why they are

responsible for his deprivation.  This allegation, however, does not support an inference that

these defendants were personally involved in denying plaintiff Kosher foods.  Neither is

responding to plaintiff's grievances enough to support an inference that defendants McKune and

Cummings personally participated in denying plaintiff a Kosher diet.

      Defendants also claim Eleventh Amendment immunity.  A lawsuit under § 1983 against

individuals in their official capacities is akin to suing the State.[20]  Where a plaintiff brings a

claim against state officials in their official capacities for money damages, the state is entitled to

sovereign immunity.[21]  Plaintiff states that defendants violated his rights in their "professional"

capacities.  He seeks damages totaling $60,000.  Although plaintiff does not state that he is suing

defendants in their "official" capacities, in paragraph C(A)(1) of his Complaint he states that he

---

[18]*Id.* (citing *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir.1981)).

[19]*Id.* (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir.1992)).

[20]*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[21]*White v. State of Colo.*, 82 F.3d 364, 366 (10th Cir. 1996).

is suing Aramark employees in their "professional and personal capacities."  Thus, because

plaintiff failed to allege that he was suing state officials in their "personal" capacities as he did

with Aramark employees, the Court believes plaintiff's claim was intended as an official

capacity claim against the state officials.  As such, sovereign immunity exists.  Accordingly,

defendants Roger Werholtz, William Cummings, James K. Jones, David R. McKune, and Colette

Winkelbauer's Motion to Dismiss (Doc. 62) is granted.

**IT IS THEREFORE ORDERED THAT** defendant Aramark's Motion to Dismiss

(Doc. 60) is denied and, defendants Roger Werholtz, William Cummings, James K. Jones, David

R. McKune, and Colette Winkelbauer's Motion to Dismiss (Doc. 62) is granted.

**IT IS SO ORDERED.**

Dated:  December 31, 2008

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE