**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JIMMY J. SEARLES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 06-3198-JAR |
| ) | |
| ROGER WERHOLTZ, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Now before the Court is defendant Aramark's motion for summary judgment against plaintiff Jimmy J. Searles (Doc. 93). In this action, plaintiffs claim that defendants violated and continue to violate their First Amendment right to exercise their religious beliefs, by failing to provide a kosher diet in the correctional facility where they are housed, in violation of 42 U.S.C. § 1983. For the reasons stated below, the Court grants defendant's motion.

**Procedural Background**

This case has an unusual procedural history. Plaintiffs Jimmy J. Searles, Michael H. Green and David G. Delimont jointly filed this action. Because the plaintiffs failed to pay their filing fees in accordance with the Prison Litigation Reform Act ("PLRA"), the Court entered an order severing this into three cases.[1] Later, in June 2009 when the plaintiffs paid the proper filing fees, the Court entered an order that consolidated these cases, treating *Searles v. Werholtz* as the lead case.[2] During the time that the cases were severed, defendant Aramark filed the

---

[1](Doc. 55). *Michael H. Green v. Roger Werholtz, et. al.* was filed as Case No. 08-3260; and *David G. Delimont v. Roger Werholtz, et al.* was filed as Case No. 08-3261.

[2](Doc. 103.)

instant motion for summary judgment against defendant Searles. Aramark did not file a motion for summary judgment against defendants Green or Delimont in their cases, and has not sought to file a motion for summary judgment against them in this case, now that they are consolidated. Curiously, the three remaining defendants,[3] who are employees of Aramark, did not join in Aramark's motion for summary judgment. Thus, the instant motion is the motion of one defendant, Aramark, for summary judgment against one plaintiff, Searles. For the reasons detailed below, Aramark's motion against Searles is granted.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] A fact is only material under this standard if a dispute over it would affect the outcome of the suit.[5] An issue is only genuine if it "is such that a reasonable jury could return a verdict for the nonmoving party."[6] The inquiry essentially determines if there is a need for trial, or whether the evidence "is so one-sided that one party must prevail as a matter of law."[7]

The moving party bears the initial burden of providing the court with the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of

---

[3] The individual defendant state officials were dismissed from this action in an order granting their motion to dismiss. (Doc. 88).

[4] Fed. R. Civ. P. 56(c).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[6] *Id.*

[7] *Id.* at 251–52.

material fact.[8]  "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[9]  The burden may be met by showing that there is no evidence to support the nonmoving party's case.[10]  If this initial burden is met, the nonmovant must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[11]  When examining the underlying facts of the case, the Court is cognizant that it may not make credibility determinations or weigh the evidence.[12]  Furthermore, the record is to be viewed in the light most favorable to the nonmoving party.[13]  Therefore, the Court will assume the nonmoving party's evidence to be true, determine all doubts in the nonmovant's favor, and draw all reasonable inferences in the nonmovant's favor.

Because Searles pursues this action pro se, the Court must remain mindful of additional considerations.  A  pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[14]  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[15]  For that reason, the

---

[8]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[9]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325).

[10]*Id.*

[11]*Id.*

[12]*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[13]*Harrison v. Wahatoyas*, LLC, 253 F.3d 552, 557 (10th Cir. 2001).

[14]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 1972)).

[15]*Id.*

3

court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[16] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[17]

**Uncontroverted Facts**

Many of Aramark's statements of fact are not controverted by plaintiff. As Aramark points out, in his response to Aramarks' motion for summary judgment, plaintiff has not controverted Statements: 2, 3, 4, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26. Generally, when a party fails to controvert the facts stated in the opposition's brief, those facts are taken as true.[18] Thus, is it uncontroverted that beginning in 2005, plaintiff submitted grievances to prison authorities complaining that he was not receiving a proper kosher diet. The prison officials responded that they had investigated and found plaintiff's grievances unfounded because the correctional facility was providing kosher meals and kosher meal preparation that were approved by the Kansas Department of Corrections (KDOC), defendant Aramark, as well as a Rabbi.

Plaintiff has designated Rabbi Ben Friedman as his expert witness in this action. Yet, Rabbi Friedman has stated in his affidavit that separate kosher utensils are used in the kosher area of the prison kitchen and are labeled dairy and non-dairy. Rabbi Friedman has approved the kosher menu, the kosher recipes, the kosher utensils and the area used for kosher food preparation at the prison. Rabbi Friedman has further stated that the kosher menu served at the

---

[16]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[17]*Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[18]*Joshua W. v. Bd. of Educ. of Wichita Pub. Sch. U.S.D. No. 259*, 13 F. Supp. 2d 1199, 1205 (D. Kan. 1998); D. Kan. R. 56.1(a).

prison has been generated and approved by a qualified dietician, as well as approved by the KDOC and is the same menu served through the correctional facilities in the State of Kansas. Rabbi Friedman has also stated in his affidavit that it is not necessary for a rabbi to be present during the preparation of kosher meals in order for the meals to be kosher. Although plaintiff contends that Rabbi Friedman will not testify that the food served by the prison is kosher, plaintiff points to nothing in the record that can contravene Rabbi Friedman's clear statements in his affidavit.

Plaintiff also does not controvert that KDOC compliance officers regularly monitor the Aramark food service provided to inmates and periodically inspect the kitchen facilities and have found them to be in compliance. Plaintiff does not controvert that he is not an Aramark employee, has not worked in the kitchen at the prison, has never attended a meeting between Aramark and its employees at the prison, has no personal knowledge of what occurs in the prison kitchen, no personal knowledge of how kosher meals are prepared there and no knowledge of any conversations between Aramark supervisors and employees outside of his presence.

Plaintiff has submitted affidavits and letters in support of his response to Aramark's motion for summary judgment, which appear to show that Aramark employees and managers have an unwritten policy of "contaminating" kosher foods during preparation. According to these letters and affidavits, Aramark managers permit employees to use the same utensils to prepare kosher and non-kosher foods, and employees routinely mingle the kosher foods with non-kosher foods and prepare the kosher foods in the area reserved for preparation of non-kosher foods. A number of these letters and affidavits predate the filing of this case[19] and another is not

---

[19] *See* (Doc. 100-3, Exs. B, C, E, H.)

5

dated.[20]  The letters are not attested to by their authors.  The affidavits and letters are statements by a total of *twelve* witnesses, who with one exception, have never before been identified or disclosed to Aramark.  The only person previously disclosed was Rabbi Menachem Katz, who was specifically referenced in plaintiffs' Complaint.  Now plaintiff attaches to his response, an unsworn letter of Rabbi Katz, not a sworn affidavit.  The discovery deadline ran on February 27, 2009, and plaintiff's late introduction of these previously undisclosed affiants and witnesses in his April 2, 2009 response to the motion for summary judgment violates the Court's Scheduling Order.[21]

Moreover, Fed. R. Civ. P. 37(c), states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Whether a violation of Rule 26(a) is "substantially justified" or "harmless" is left to the broad discretion of the Court.[22]  The following factors guide this discretion: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'"[23]

Although plaintiff is pro se, the Court cannot provide arguments or permit plaintiff to

---

[20]*See* (Doc. 100-3, Ex. J.)

[21](Doc. 70.)

[22]*See, e.g.*, *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[23]*Id.* (quoting *Woodworker's Supply, Inc.*, 170 F.3d at 993).

bend the rules of litigation.[24]  This action has been pending since July 2006.  Defendants are both prejudiced and surprised by plaintiff's untimely disclosure of eleven previously undisclosed witnesses, after the deadline for discovery has run.  Defendant cannot cure the prejudice and plaintiff offers no explanation for his patent failure to abide by the rules.  Although the Court does not believe that wilful misconduct occurred in this case, it is mindful that plaintiff designated his expert witness, yet failed to disclose any additional witnesses.  The Court thus finds that the rules dictate the Court to strike plaintiff's late disclosed affidavits as well as strike the unsworn letters of still other undisclosed persons purporting to have relevant knowledge.

**Discussion**

Under the First Amendment, inmates are given reasonable accommodations to practice their religious faith.  To establish a free exercise violation, a prisoner must show that a defendant substantially burdened the practice of his religion without any justification reasonably related to legitimate penological interests.[25]  A substantial burden is more than one minor incident or a short term occurrence.  In the Tenth Circuit, a prisoner has a First Amendment right to a diet conforming to his religious beliefs.[26]

Based on Rabbi Friedman's affidavit and the other uncontroverted facts,  it is clear that plaintiff cannot produce evidence that he was denied a properly prepared kosher diet.  The uncontroverted facts decisively show that plaintiff's constitutional right was not violated.

---

[24]*Ellibee v. Hazlett*, No. 03-3023-JAR, 2006 WL 3050801, at *2 (D.Kan. Oct. 23, 2006) (noting that pro se litigants are governed by the same procedural rules as other litigants; on summary judgment, Court accepts as true facts which pro se litigant does not controvert).

[25]*Kay v. Bemis*, 500 F.3d 1214, 1218, (10th Cir. 2007).

[26]*Smith v. Bruce*, 568 F. Supp. 2d 1277, 1282 (D. Kan. 2008).

7

Accordingly, the Court finds that no reasonable jury could conclude that plaintiff's First Amendment right was violated and Aramark's motion for summary judgment is granted.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Summary Judgment (Doc. 93) is granted.

**IT IS SO ORDERED.**

Dated:  September 2, 2009

                                             S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE