lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID G. DELIMONT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )    **Case No. 08-3261-JAR** |
| | )    **Lead Case No. 06-3198-JAR** |
| | ) |
| **ROGER WERHOLTZ, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff David Delimont, an inmate at Lansing Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 alleging defendants violated his First Amendment right to exercise his religious beliefs by failing to provide a kosher diet in the correctional facility where he is housed. This matter is before the Court on plaintiff's Motion for Preliminary Injunction (Doc. 7) and Motion for Writ of Habeas Corpus ad testificandum (Doc. 10) requiring defendant Roger Werholtz to bring plaintiff before the Court for a hearing on the motion for preliminary injunction.

A preliminary injunction is an extraordinary remedy that is granted as the exception rather than the rule.[1] The primary purpose of a preliminary injunction is to preserve the status quo pending a trial on the merits in order that the trial court can then render a meaningful decision.[2] To obtain a preliminary injunction, the moving party must show a clear and

---

[1] *Hill's Pet Nutrition, Inc. v. Nutro Prods., Inc.*, 258 F. Supp. 2d 1197, 1204 (D. Kan. 2003) (citation omitted).

[2] *Id*.

unequivocal right to relief.[3]  The moving party must establish the following elements to obtain relief:

> (1) a substantial likelihood of success on the merits;  (2) a showing of irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.[4]

In cases where the movant has prevailed on the other factors, the Tenth Circuit generally uses a liberal standard for "probability of success on the merits," so the moving party need only raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation."[5]

There are three types of injunctions that are disfavored in the Tenth Circuit, and thus, are subjected to a heightened burden.  Those injunctions are: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.[6]  If an injunction falls into one of these categories, it "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course.  Furthermore . . . movants seeking such an injunction are not entitled to rely on this Circuit's modified-likelihood-of-success-on-the-merits standard."[7]  In this case, plaintiff

---

[3]*SCFC ILC, Inc.*, *v. Visa USA*, 936 F.2d 1096, 1098 (10th Cir. 1991).

[4]*Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

[5]*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980) (internal quotations omitted).

[6]*O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), *aff'd*, 126 S. Ct. 1211 (2006); *see also Schrier*, 427 F.3d at 1258–59.

[7]*O Centro*, 389 F.3d at 975–76.

requests a preliminary injunction requiring defendants to provide him a Kosher diet in accordance with the tenets of his faith. Plaintiff thus seeks mandatory relief which would disturb the status quo, as well as substantially all of the relief he may receive at the conclusion of his trial and thus, he bears a heightened burden.

Plaintiff alleges that the conditions of his confinement violate his constitutional rights. It is well-established that a prisoner has a First Amendment right to a diet conforming to his sincerely held religious beliefs.[8] However, prison officials may place certain restrictions on the exercise of that right in order to advance "valid penological objectives."[9] Plaintiff has not proffered any argument or evidence that he is substantially likely to succeed on his claim, other than to make conclusory allegations that defendants violated his rights. Moreover, plaintiff has not alleged, much less shown, that he will be irreparably harmed by denial of his request for injunctive relief. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Preliminary Injunction (Doc. 7) is DENIED. Plaintiff's Motion for Writ of Habeas Corpus ad testificandum (Doc. 10) is also DENIED as moot.

IT IS SO ORDERED.

Dated: September 24, 2009

                                                                         S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[8]*Beerhide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002).

[9]*O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).