# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JIMMY J. SEARLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-3198-JAR |
| | ) |
| WERHOLTZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon Plaintiff's Response to Court's Show Cause Order (Doc. 135), which Judge Robinson has referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons stated below, the undersigned Magistrate Judge recommends that Plaintiff Jimmy Searles be given an additional forty-five (45) days to provide the United States Marshals Service with the current address of Defendants Drew Rohlman, Frank Dorian, Tony Lewis, and (fnu) Jackson.

**I.      Background**

Plaintiff Jimmy Searles ("Plaintiff" or "Searles") is an inmate at the Lansing Correctional Facility. On July 19, 2006, he filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated his First Amendment right to exercise his religious beliefs by failing to provide a kosher diet in the correctional facility where he is housed.[1] Plaintiff named Aramark

---

[1] Compl. (Doc. 1).

Food Corporation ("Aramark"), Drew Rohlman, Frank Dorian, Tony Lewis, and (fnu) Jackson as defendants.[2] According to Plaintiff's Complaint, Aramark is the food service provider for the Kansas Department of Corrections and employed Defendants Rohlman, Dorian, Lewis, and Jackson (collectively, "Employee Defendants") at the Lansing Correctional Facility.[3]

On July 17, 2007, Judge Crow directed the Clerk of the Court to prepare waiver of service forms to be served by a United States Marshal or Deputy Marshall pursuant to Fed. R. Civ. P. 4(c)(3).[4] On July 19, 2007, the United States Marshals Service ("Marshals Service") mailed waiver of service forms to Employee Defendants at the Lansing Correctional Facility.[5] The waivers were never returned. This effort to effect service by waiver was the only means pursued by the Marshals Service. As a result, Employee Defendants have never been served.

On November 6, 2009, this Court ordered Plaintiff to show cause why this case should not be dismissed for failure to serve Employee Defendants pursuant to Fed. R. Civ. P. 4(m).[6] In response to the Order to Show Cause, Plaintiff indicates that Employee Defendants did not work at the Lansing Correctional Facility when the Marshals Service attempted service. Plaintiff also contends: (1) Aramark waived service on behalf of Employee Defendants; (2) the Court is responsible to serve Employee Defendants; and (3) he was never informed that Employee Defendants were not served.

---

[2] *Id*. ¶ 3(e). Plaintiff also named various prison officials as defendants.

[3] *Id*.

[4] Order (Doc. 14).

[5] Returns of Service (Docs. 26, 27, 29, and 31).

[6] Order to Show Cause (Doc. 121).

## II. Analysis

Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint to serve process on a defendant. A plaintiff is entitled to a mandatory extension of time if he or she shows good cause for the failure to timely effect service.[7] If a plaintiff fails to show good cause, then the court must consider whether a permissive extension of time is warranted or whether to dismiss the case without prejudice.[8]

28 U.S.C. § 1915(d) states that when an individual is granted leave to proceed *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."[9] Fed. R. Civ. P. 4(c)(3) dovetails with section 1915 and provides that the court must appoint a United States marshal or deputy marshal to serve plaintiff's process if the plaintiff is authorized to proceed *in forma pauperis*. Even if a plaintiff is not proceeding *in forma pauperis*, Fed. R. Civ. P. 4(c)(3) provides that the court "may order that service be made by a United States marshal or deputy marshal . . ."

Because a party proceeding *in forma pauperis* is entitled to rely on the Marshals Service for service of the summons and complaint, numerous circuits have found good cause exists to excuse a failure to serve when the Marshals Service does not fulfill its duties.[10] A court should not penalize a plaintiff by dismissing the action when the Marshals Service fails to serve process,

---

[7] Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[8] *Espinoza*, 52 F.3d at 841.

[9] 28 U.S.C. § 1915(d).

[10] *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *see also Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994).

3

unless the defects result from plaintiff's inadequate or inaccurate information or lack of diligence.[11]

Although Plaintiff was not proceeding *in forma pauperis*, Judge Crow directed the Marshals Service to serve Defendants pursuant to Fed. R. Civ. P. 4 (c)(3). Accordingly, Plaintiff was entitled to rely on the Marshals Service to effectuate service unless he was responsible for the defects in service.

In this case, Plaintiff is at fault for the failure to serve. A plaintiff must cooperate with the Marshals Service and take reasonable steps to identify the defendant by name and address so that service can be accomplished.[12] Based upon the information in Plaintiff's complaint, the Marshals Service sent the waivers of service to Employee Defendants at the Lansing Correctional Facility.[13] However, it appears Employee Defendants were no longer employed at the Lansing Correctional Facility when the Marshals Service attempted service.

Plaintiff has provided no other information about the whereabouts of Employee Defendants. "It is highly questionable that either court staff or employees of the [United States Marshals Service] have a duty to mount an extensive search for and locate a defendant in a civil case for personal service when a plaintiff has failed to provide an address or other sufficient information for service."[14] If the Marshals Service is "unable to effectuate service . . . with the

---

[11] *Oltremari*, 871 F. Supp. at 1352; *Olson v. AT&T*, No. 08-2126-CM, 2009 WL 982447, at *2 (D. Kan. Apr. 13, 2009).

[12] *See Everetson v. Topeka Ass'n for Retarded Citizens*, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005) (citing *Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1342 (D. Kan. 2001), *aff'd*, 26 Fed. Appx. 908 (10th Cir. 2002)); *see also Olsen*, 333 F.3d at 1204–05.

[13] Returns of Service (Docs. 26, 27, 29, and 31).

[14] *Leek v. Thomas*, No. 09-3036-SAC, 2009 WL 2876352, at *2 (D. Kan. Sept. 2, 2009).

information . . . provided, the onus remains upon plaintiff to discover and submit sufficient information for service of all defendants he has named in [his] lawsuit."[15] Under these circumstances, the Court finds that Plaintiff is responsible for the defects in service and thus, has not established good cause to failing to serve Employee Defendants.[16]

Plaintiff further contends he was never informed that Employee Defendants were not served. Even assuming this is true, Plaintiff still bears the responsibility of diligently prosecuting his case.[17] It has been more than two years since the Marshals Service attempted service. During this time, Plaintiff prosecuted his case against the other defendants without ever inquiring about the status of service on Employee Defendants. The other defendants filed their respective answers or responses to Plaintiff's complaint,[18] participated in a Scheduling Conference in November 2008,[19] and filed various motions.[20] This should have caused Plaintiff to inquire why Employee Defendants had not filed an answer or other response to his complaint.

---

[15] *Id.* at *3.

[16] *See Franks v. Waite*, No. 04-3396-SAC, 2009 WL 640777, at *2 (D. Kan. Mar. 11, 2009) (requiring Plaintiff to provide the Marshals Service with the current location or address for Defendants because "it is neither the role nor the responsibility of the Court or the U.S. Marshals Service to investigate the whereabouts or to locate parties to a lawsuit."); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (upholding that Plaintiff did not show good cause for failing to serve defendant within 120 days because Plaintiff did not provide the Marshals Service with sufficient information to serve Defendant), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 483–84 (1995).

[17] *See Franks*, 2009 WL 640777, at *2; *see also Oltremari*, 871 F. Supp. at 1353.

[18] Mot. to Dismiss by Def. Aramark Food Corp. (Doc. 60); Mot. to Dismiss by Defs. J.K. Jones, David R. McKune, Collette Winklebauer, Roger Werholtz, and William Cummings (Doc. 62); Answer by Def. Aramark Food Corp. (Doc. 91).

[19] Scheduling Order (Doc. 70).

[20] Mot. for Summ. J. by Def. Aramark Food Corp. (Doc. 93).

A written inquiry to the clerk's office or the undersigned's chambers would have revealed that no waivers of service were ever returned.[21]

Additionally, at a status conference held on October 28, 2009, the undersigned informed Plaintiff that Employee Defendants had not been served. Plaintiff does not appear to have attempted to locate Employee Defendants since that status conference or in response to this Court's Order to Show Cause. Even allowing for Plaintiff's *pro se* status, it cannot be reasonably concluded that Plaintiff has been diligent or made a good faith effort to assist the Marshals Service in effectuating service.[22] Accordingly, the Court finds that Plaintiff has not demonstrated good cause for failing to serve Employee Defendants.

Plaintiff also argues that Aramark waived service on behalf of Employee Defendants. Plaintiff sued various employees or former employees of Aramark in their individual capacity.[23] The Court is unaware of any authority holding that a corporation may waive service for its employees or former employees who are separately named as defendants in the lawsuit, and Plaintiff cites no such authority. Accordingly, the Court finds that Aramark did not waive service on behalf of the Employee Defendants.

As discussed above, even if good cause is not shown, a court has discretion under Rule

---

[21] In the normal course, the clerk's office sends a copy of the docket sheet in response to such a request from a pro se litigant. *See Franks*, 2009 WL 640777, at *1 n.1.

[22] *Cf. Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2003) (declining to dismiss case when Plaintiffs demonstrated "sincere efforts" to comply with service rules and because the record was "replete with Plaintiffs' attempts to comply" with service rules).

[23] Compl. (Doc. 1) ¶ 3(e).

4(m) to extend the time allowed for service of process.[24] In determining whether to grant a permissive extension, the court considers several factors, including whether the applicable statute of limitations would bar the re-filed action and whether defendant has been prejudiced by the delay of service.[25] Relief may be justified if the applicable statute of limitations would bar the re-filed action.[26]

Plaintiff brought the instant case pursuant to 42 U.S.C. § 1983, alleging that he was denied his First Amendment right to free exercise of religion.[27] The applicable statute of limitations period for a section 1983 complaint is determined from the forum state's statute of limitations.[28] K.S.A. 60-513(a)(4) provides a two-year statute of limitations for "injury to the rights of another." Thus, it appears that the limitations period has run on Plaintiff's claims.

However, it appears likely that Defendants would be prejudiced by Plaintiff's delay in service. As Judge Robinson has stated, "[w]ith the passage of time, evidence grows stale, witnesses become harder to locate, and witness recollections often fade."[29]

Therefore, there are factors that weigh both for and against a permissive extension. The Tenth Circuit has cautioned that a district court should not dismiss a *pro se* plaintiff's complaint for failure to effect proper service without first providing the plaintiff with specific instructions

---

[24] *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

[25] *Id.* at 842; *Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007).

[26] *Bradley v. Frito Lay, Inc.*, No. 07-4054-JAR, 2008 WL 695224, at *3 (D. Kan. Mar. 7, 2008).

[27] Compl. (Doc. 1).

[28] *Kelly v. Boyles*, No. 08-2425-CM, 2009 WL 3711578, at *2 (D. Kan. Nov. 3, 2009).

[29] *Bradley*, 2008 WL 695224, at *1.

on how to correct the defects in service.[30] This tips the balance in favor of a permissive extension. Accordingly, the undersigned recommends that Plaintiff be granted a permissive extension.

**IT IS THEREFORE RECOMMENDED** that Plaintiff be granted forty-five (45) days, or up to and including March 29, 2010, within which to provide the Marshals Service with the current location and address for each of the Employee Defendants for the purpose of serving Plaintiff's complaint. The Court further recommends that the failure to do so will result in dismissal of the complaint without further prior notice to the Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed. R. Civ. P. 72(b) and D. Kan. R. 72.1.4, Plaintiff may serve and file written objections to the recommendation within 14 days after being served with a copy.

**IT IS SO RECOMMENDED.**

Dated this 12th day of February, 2010, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[30] *See Franks*, 2009 WL 640777, at *2 (citing *Olsen*, 333 F.3d at 1204–05).