# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JIMMY J. SEARLES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-3198-JAR |
| ) | Lead Case |
| ROGER WERHOLTZ, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On December 31, 2008, the Court granted State Defendants' Motion to Dismiss (Doc. 88) and on September 2, 2009, the Court granted defendant Aramark Food Corporation's Motion for Summary Judgment (Doc. 104). Before the Court is plaintiff Jimmy J. Searles' Motion for Reconsideration (Doc. 136). Plaintiff does not specify which order or orders he wishes the Court to reconsider. The Court construes plaintiff's motion as seeking reconsideration of both orders. Plaintiff also moves for an extension of time to file an appeal (Doc. 138) until such time as the Court rules on the motion for reconsideration.

D. Kan. Rule 7.3 governs motions to reconsider. Rule 7.3 makes it clear, however, that it does not apply to reconsideration of dispositive orders or judgments. The Rule states: "Motions seeking reconsideration of dispositive orders or judgments must be filed pursuant to Fed. R. Civ. P. 59(e) or 60. Reconsideration of such an order or judgment will not be granted under this rule."[1] Under the Federal Rules of Civil Procedure in effect at the time plaintiff filed his motion, if a motion to reconsider a dispositive order or judgment is filed within fourteen days of the entry

---

[1] D. Kan. Rule 7.3(a).

of judgment, this Court will treat it as a Rule 59(e) motion to alter or amend judgment.[2] If the motion to reconsider is filed more than fourteen days after entry of the dispositive order or judgment, it is treated as a Rule 60(b) motion for relief from judgment or order.[3] Because plaintiff filed his motion for reconsideration well after fourteen days of either order, the Court will construe his motion as a Rule 60(b) motion for relief from judgment or order.

Rule 60(b) provides that "on motion and just terms" the court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[4] The Tenth Circuit has held that Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances."[5] A litigant shows "exceptional circumstances" by satisfying one or more of the grounds listed in Rule 60(b).[6] A party who seeks relief under Rule 60(b) has a high hurdle to overcome because such a

---

[2]*Johnson v. Gilchrist*, No. 09-3063-SAC, 2010 WL 750256, at *1 (D. Kan. Mar. 2, 2010) (citing *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995)).

[3]*Id*.

[4]Fed. R. Civ. P. 60(b).

[5]*Zurich v. N. Am. Matrix Serv. Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

[6]*Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991).

motion is not a substitute for an appeal.[7]  Whether to grant Rule 60(b) relief lies within the "substantial discretion" of the district court.[8]

The purpose of Rule 60(b) is not to allow the court to revisit issues it has already addressed in the underlying order.[9]  Nor is it intended as a vehicle for the losing party to "advance new arguments or supporting facts which were otherwise available for presentation" in the underlying proceedings.[10]  Moreover, Rule 60(b) does not offer a party the opportunity to relitigate its case after the court has rendered a decision.[11]  In other words, a motion for relief from judgment "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed."[12]

Plaintiff presents no evidence or valid legal argument to warrant relief from either of the Court's orders.  Instead, he merely repeats arguments and allegations made in defending the motion to dismiss and for summary judgment.  With respect to the State Defendants, plaintiff makes the unsupported assertions that the Deputy Warden denied his grievances and "acted on the policy of the KDOC," "underlings of the KDOC perform the policies of their employers," and "KDOC has no intention of forcing Aramark to provide Kosher meals to its Jewish inmates and does not want Kosher meals served as either an anti-semetic [sic] response, in what is clearly

---

[7]*Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 (10th Cir. 2007).

[8]*Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

[9]*Palmer v. McKune*, No. 07-3007-SAC, 2008 WL 2051096, at *3 (D. Kan. May 13, 2008) (quoting *Van Skiver*, 952 F.2d at 1243).

[10]*Id.*

[11]*Id.* (citing *Servants*, 204 F.3d at 1012).

[12]*Id.* (citing *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd* 43 F.3d 1484 (10th Cir. 1994)).

a Christian institution, or for strictly economic reasons." As the Court held in its Order dismissing the State Defendants, plaintiff provides no facts alleging that any of the State Defendants personally participated in denying him a kosher diet. Plaintiff's broad assertions are merely a rehash of his previous arguments, and are insufficient to warrant relief from judgment pursuant to Rule 60(b).

Likewise, with respect to Aramark, plaintiff reasserts the same allegations that the food provided to him is not kosher because Aramark uses the same utensils to prepare both kosher and non-kosher meals. Plaintiff's own expert, Rabbi Ben Friedman, attested that a rabbi need not be present during the preparation of kosher meals and that separate utensils were used in the preparation of those meals. Plaintiff's arguments are insufficient to establish that he is entitled to Rule 60(b) relief, and his motion for reconsideration is denied.

Plaintiff also moves for additional time to file an appeal until the Court rules on his pending motion to reconsider. The orders dismissing the State Defendants and granting Aramark summary judgment are not final judgments because they do not resolve the claims against the named individual defendant employees of Aramark.[13] "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[14] Such an order or decision is only a final judgment if the court "expressly determines that there is no just reason for delay" and "direct[s] entry of a final judgment as to

---

[13] These defendants are Drew Rohlman, Frank Dorian, Tony Lewis and (fnu) Jackson.

[14] Fed. R. Civ. P. 54(b).

4

one or more, but fewer than all, claims or parties."[15] "This is so even if the order may seem 'final' as far as the particular defendants and/or claims addressed therein are concerned."[16] Neither of the Court's orders made a Rule 54(b) determination directing the entry of a final judgment, and to date, plaintiff's claims against the individual defendant employees of Aramark remain pending. Accordingly, plaintiff's motion for an extension of time to appeal is denied.[17]

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Reconsideration (Doc. 136) and Motion for Extension of Time to File an Appeal (Doc. 138) are DENIED.

**IT IS SO ORDERED.**

Dated: August 9, 2010

    S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[15]*Id.*

[16]*Kirby v. Dallas County Adult Probation Dep't*, 280 F. App'x 743, 746 (10th Cir. 2008).

[17]*See* Doc. 130, Order of the Tenth Circuit dismissing plaintiff's previous appeal.