lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JIMMY J. SEARLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-3198-JAR |
| | ) | Lead Case |
| ROGER WERHOLTZ, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## CORRECTED MEMORANDUM AND ORDER[1]

On February 12, 2010, Magistrate Judge Sebelius issued a Report and Recommendation granting plaintiff Jimmy Searles a permissive extension of time to effect service upon defendants Drew Rohlman, Frank Dorian, Tony Lewis and (fnu) Jackson ("Employee Defendants").[2] Searles responded to the Report and Recommendation, indicating he was unable to obtain additional information due to his prisoner status and needed assistance from the United States Marshals Service ("Marshals Service") in locating the Employee Defendants.[3] For the reasons explained in detail below, the Court adopts that portion of the magistrate judge's Report and Recommendation finding Searles at fault for the failure to serve, but denies the recommendation to grant him a permissive extension to obtain service.

---

[1]This corrected order is entered on the Court's own motion pursuant to Fed. R. Civ. P. 60(a) to correct clerical mistakes in the Memorandum and Order Previously filed.

[2](Doc. 148.)

[3](Doc. 153.)

**I.     Background**

Plaintiff Jimmy Searles ("plaintiff" or "Searles") is an inmate at the Lansing Correctional Facility. On July 19, 2006, he filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated his First Amendment right to exercise his religious beliefs by failing to provide a kosher diet in the correctional facility where he is housed.[4] Plaintiff named Aramark Food Corporation ("Aramark"), Drew Rohlman, Frank Dorian, Tony Lewis, and (fnu) Jackson as defendants.[5] According to plaintiff's Complaint, Aramark is the food service provider for the Kansas Department of Corrections and employed Defendants Rohlman, Dorian, Lewis, and Jackson (collectively, "Employee Defendants") at the Lansing Correctional Facility.[6]

On July 17, 2007, Judge Crow directed the Clerk of the Court to prepare waiver of service forms to be served by a United States Marshal or Deputy Marshal pursuant to Fed. R. Civ. P. 4(c)(3).[7] On July 19, 2007, the Marshals Service mailed waiver of service forms to Employee Defendants at the Lansing Correctional Facility.[8] The waivers were never returned. This effort to effect service by waiver was the only means pursued by the Marshals Service. As a result, Employee Defendants were not served.

On November 6, 2009, the magistrate court ordered plaintiff to show cause why this case should not be dismissed for failure to serve Employee Defendants pursuant to Fed. R. Civ. P.

---

[4] Compl. (Doc. 1).

[5] *Id.* ¶ 3(e). Plaintiff also named various prison officials as defendants. The Court granted the individual state defendants' Motion to Dismiss on December 31, 2008 (Doc. 88.)

[6] *Id.*

[7] Order (Doc. 14).

[8] Returns of Service (Docs. 26, 27, 29, and 31).

4(m).⁹ In response to the Order to Show Cause, plaintiff indicates that Employee Defendants did not work at the Lansing Correctional Facility when the Marshals Service attempted service. Plaintiff also contends: (1) Aramark waived service on behalf of Employee Defendants; (2) the Court is responsible to serve Employee Defendants; and (3) he was never informed that Employee Defendants were not served. This Court referred plaintiff's response to the magistrate court for a report and recommendation, and that court recommended that plaintiff be given an additional forty-five (45) days to provide the Marshals Service with the current address of the Employee Defendants. Plaintiff filed a response to the Report and Recommendation indicating that defendant Jackson was employed by the Kansas Department of Corrections ("KDOC") at Lansing, but that he was unable to provide additional information to locate the other Employee Defendants, and requesting assistance from the Marshals Service. An alias summons sent to the KDOC was returned unexecuted for Jackson on May 12, 2010.¹⁰

Because this is a dispositive matter, under Fed. R. Civ. P. 72(b), a magistrate judge can only issue a report and recommendation for a decision by the district court.¹¹ The district court reviews *de novo* those portions of the magistrate judge's report and recommendation to which written objections have been made.¹² The district court is afforded considerable discretion in determining what reliance it may place upon the magistrate judge's findings and

---

⁹ Order to Show Cause (Doc. 121).

¹⁰(Doc. 157.) A second alias summons appears to have been issued in error to Lansing Correctional facility, care of Aramark; both Searles and Aramark have indicated that defendant Jackson is not longer employed by Aramark. *See* Doc. 165.

¹¹*Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

¹²Fed. R. Civ. P. 72(b).

recommendations.[13] Upon receipt of the magistrate judge's report and recommendation, the court may accept, reject, or modify the magistrate's findings, or recommit the matter to the magistrate judge with instructions.[14]

## II. Analysis

Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint to serve process on a defendant. A plaintiff is entitled to a mandatory extension of time if he or she shows good cause for the failure to timely effect service.[15] If a plaintiff fails to show good cause, then the court must consider whether a permissive extension of time is warranted or whether to dismiss the case without prejudice.[16]

28 U.S.C. § 1915(d) states that when an individual is granted leave to proceed *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."[17] Fed. R. Civ. P. 4(c)(3) dovetails with section 1915 and provides that the court must appoint a United States Marshal or Deputy Marshal to serve plaintiff's process if the plaintiff is authorized to proceed *in forma pauperis*. Even if a plaintiff is not proceeding *in forma pauperis*, Fed. R. Civ. P. 4(c)(3) provides that the court "may order that service be made by a United States marshal or deputy marshal . . . ."

---

[13]*See Andrews v. Deland*, 943 F.2d 1162, 1170 (10th Cir. 1991) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)).

[14]28 U.S.C. § 636(b)(1)(C).

[15] Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[16] *Espinoza*, 52 F.3d at 841.

[17] 28 U.S.C. § 1915(d).

Because a party proceeding *in forma pauperis* is entitled to rely on the Marshals Service for service of the summons and complaint, numerous circuits have found good cause exists to excuse a failure to serve when the Marshals Service does not fulfill its duties.[18] A court should not penalize a plaintiff by dismissing the action when the Marshals Service fails to serve process, unless the defects result from plaintiff's inadequate or inaccurate information or lack of diligence.[19]

Although plaintiff was not proceeding *in forma pauperis*, Judge Crow directed the Marshals Service to serve Defendants pursuant to Fed. R. Civ. P. 4 (c)(3). Accordingly, plaintiff was entitled to rely on the Marshals Service to effectuate service unless he was responsible for the defects in service. In this case, plaintiff is at fault for the failure to serve. A plaintiff must cooperate with the Marshals Service and take reasonable steps to identify the defendant by name and address so that service can be accomplished.[20] Based upon the information in plaintiff's Complaint, the Marshals Service sent the waivers of service to Employee Defendants at the Lansing Correctional Facility.[21] However, it appears Employee Defendants were no longer employed at the Lansing Correctional Facility when the Marshals Service attempted service. In response to the Order to Show Cause, plaintiff provided no other information about the whereabouts of Employee Defendants. Under these circumstances, the Court agrees with the

---

[18] *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *see also Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994).

[19] *Oltremari*, 871 F. Supp. at 1352; *Olson v. AT&T*, No. 08-2126-CM, 2009 WL 982447, at *2 (D. Kan. Apr. 13, 2009).

[20] *See Everetson v. Topeka Ass'n for Retarded Citizens*, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005) (citing *Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1342 (D. Kan. 2001), *aff'd*, 26 Fed. Appx. 908 (10th Cir. 2002)); *see also Olsen*, 333 F.3d at 1204–05.

[21] Returns of Service (Docs. 26, 27, 29, and 31).

magistrate judge that plaintiff is responsible for the defects in service and thus, has not established good cause to failing to serve Employee Defendants.[22]

Plaintiff further contends he was never informed that Employee Defendants were not served. Even assuming this is true, plaintiff still bears the responsibility of diligently prosecuting his case.[23] It has been more than three years since the Marshals Service attempted service. During this time, plaintiff prosecuted his case against the other defendants without ever inquiring about the status of service on Employee Defendants. The other defendants filed their respective answers or responses to plaintiff's Complaint,[24] participated in a Scheduling Conference in November 2008,[25] and filed various motions.[26] This should have caused plaintiff to inquire why Employee Defendants had not filed an answer or other responded to his Complaint. A written inquiry to the clerk's office or the magistrate judge's chambers would have revealed that no waivers of service were ever returned.[27]

Additionally, at a status conference held on October 28, 2009, the magistrate court

---

[22] *See Franks v. Waite*, No. 04-3396-SAC, 2009 WL 640777, at *2 (D. Kan. Mar. 11, 2009) (requiring plaintiff to provide the Marshals Service with the current location or address for defendants because "it is neither the role nor the responsibility of the Court or the U.S. Marshals Service to investigate the whereabouts or to locate parties to a lawsuit."); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (upholding that plaintiff did not show good cause for failing to serve defendant within 120 days because plaintiff did not provide the Marshals Service with sufficient information to serve defendant), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 483–84 (1995).

[23] *See Franks*, 2009 WL 640777, at *2; *see also Oltremari*, 871 F. Supp. at 1353.

[24] Mot. to Dismiss by Def. Aramark Food Corp. (Doc. 60); Mot. to Dismiss by Defs. J.K. Jones, David R. McKune, Collette Winklebauer, Roger Werholtz, and William Cummings (Doc. 62); Answer by Def. Aramark Food Corp. (Doc. 91).

[25] Scheduling Order (Doc. 70).

[26] Mot. for Summ. J. by Def. Aramark Food Corp. (Docs. 93, 143).

[27] In the normal course, the clerk's office sends a copy of the docket sheet in response to such a request from a *pro se* litigant. *See Franks*, 2009 WL 640777, at *1 n.1.

informed plaintiff that Employee Defendants had not been served. Plaintiff does not appear to have attempted to locate Employee Defendants since that status conference or in response to this Court's Order to Show Cause. Even allowing for plaintiff's *pro se* status, it cannot be reasonably concluded that plaintiff has been diligent or made a good faith effort to assist the Marshals Service in effectuating service.[28] Accordingly, the Court finds that plaintiff has not demonstrated good cause for failing to serve Employee Defendants.

Plaintiff also argues that Aramark waived service on behalf of Employee Defendants. Plaintiff sued various employees or former employees of Aramark in their individual capacity.[29] The Court is unaware of any authority holding that a corporation may waive service for its employees or former employees who are separately named as defendants in the lawsuit, and plaintiff cites no such authority. Accordingly, the Court finds that Aramark did not waive service on behalf of the Employee Defendants.

As discussed above, even if good cause is not shown, a court has discretion under Rule 4(m) to extend the time allowed for service of process.[30] In determining whether to grant a permissive extension, the court considers several factors, including whether the applicable statute of limitations would bar the re-filed action and whether defendant has been prejudiced by the delay of service.[31] Relief may be justified if the applicable statute of limitations would bar

---

[28] *Cf. Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2003) (declining to dismiss case when plaintiffs demonstrated "sincere efforts" to comply with service rules and because the record was "replete with Plaintiffs' attempts to comply" with service rules).

[29] Compl. (Doc. 1) ¶ 3(e).

[30] *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

[31] *Id*. at 842; *Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007).

the re-filed action.³²

Plaintiff brought the instant case pursuant to 42 U.S.C. § 1983, alleging that he was denied his First Amendment right to free exercise of religion.³³ The applicable statute of limitations period for a section 1983 complaint is determined from the forum state's statute of limitations.³⁴ K.S.A. 60-513(a)(4) provides a two-year statute of limitations for "injury to the rights of another." Thus, it appears that the limitations period has run on plaintiff's claims. However, Employee Defendants would clearly be prejudiced by plaintiff's delay in service, as granting additional time to effect service, would allow plaintiff to serve the Employee Defendants nearly three years after the date the statute of limitations would have otherwise run. As this Court has stated, "[w]ith the passage of time, evidence grows stale, witnesses become harder to locate, and witness recollections often fade."³⁵ Therefore, the Court finds that the factors weigh against a permissive extension.

Even if the Court were to grant a permissive extension, however, Searles has indicated that he is unable to provide the information needed to serve the Employee Defendants. The Court it is not inclined at this late stage of the proceedings to grant plaintiff's request for further

---

³² *Bradley v. Frito Lay, Inc.*, No. 07-4054-JAR, 2008 WL 695224, at *3 (D. Kan. Mar. 7, 2008).

³³ Compl. (Doc. 1).

³⁴ *Kelly v. Boyles*, No. 08-2425-CM, 2009 WL 3711578, at *2 (D. Kan. Nov. 3, 2009).

³⁵ *Bradley*, 2008 WL 695224, at *1. Moreover, the Court has granted Aramark summary judgment on plaintiff's claims, as well as the claims of plaintiffs Michael Green and David Delimont. (Docs. 104, 163). In both those orders, the Court found, as a matter of law, that based on the affidavit of plaintiff's expert witness, Rabbi Friedman, and the other uncontroverted facts, it is clear that plaintiff cannot produce evidence that he was denied a properly prepared kosher diet and that his constitutional right was not violated, noting that plaintiff had no personal knowledge of what occurs in the prison kitchen or how kosher meals are prepared by Aramark and its employees, and that KDOC compliance officers regularly inspect the kitchen facilities and have found them to be in compliance.

assistance from the Marshals Service.[36] "It is highly questionable that either court staff or employees of the [United States Marshals Service] have a duty to mount an extensive search for and locate a defendant in a civil case for personal service when a plaintiff has failed to provide an address or other sufficient information for service."[37] If the Marshals Service is "unable to effectuate service . . . with the information . . . provided, the onus remains upon plaintiff to discover and submit sufficient information for service of all defendants he has named in [his] lawsuit."[38]

**IT IS THEREFORE ORDERED** that Magistrate Judge Sebelius's Report and Recommendation (Doc. 148) is adopted in part and modified in part, and that plaintiff's complaint is dismissed against Employee Defendants Drew Rohlman, Frank Dorian, Tony Lewis and (fnu) Jackson, without prejudice.

**IT IS SO ORDERED.**

Dated: November 16, 2010

                                                 S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[36] *Cf. Bloom v. McPherson*, Case No. 07-3258-SAC, 2010 WL 750255, at *1 (D. Kan. Mar. 2, 2010 (granting request of *pro se* plaintiff who did not proceed in forma pauperis for service by Marshals Service, subject to plaintiff's satisfaction of any demand for payment by Marshals Service related to such service).

[37] *Leek v. Thomas*, No. 09-3036-SAC, 2009 WL 2876352, at *2 (D. Kan. Sept. 2, 2009).

[38] *Id*. at *3.